UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH S. WOOD,

    Plaintiff,

v.                                                         Case No. 2:09-cv-131
                                                         HON. R. ALLAN EDGAR
MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

In September of 2005, plaintiff Kenneth Wood filed an application for disability insurance benefits, alleging disability since March 27, 2004, due to degenerative osteoarthritis. *See* Transcript of Administrative Hearing at pages 48-56 (hereinafter Tr. at ___). Plaintiff alleges that he became disabled after a series of injuries to his shoulder and ankle. Tr. at 185, 190. Plaintiff's application for benefits was denied by the Michigan State Agency. Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which was held in July of 2008. Testifying at that hearing were Plaintiff and a vocational expert (VE). The ALJ issued a decision on August 28, 2009, finding that Plaintiff was not entitled to benefits. The Appeals Council denied Plaintiff's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner. Tr. at 7-9. According to the ALJ: "Based on the application for a period of disability and disability insurance benefits filed on September 6, 2005, the claimant is not disabled under sections 216(I) and 223(d) of the Social Security Act." Tr. at 22.

The medical records clearly establish that Plaintiff suffered two injuries resulting in symptoms Plaintiff alleges are disabling. First, on September 8, 2004, Plaintiff's left shoulder was injured after unloading 50-pound bags of corn from his pickup truck. Plaintiff sought medical attention on November 11, 2004, from Kent E. Anderson, M.D. Tr. at 190. Dr. Anderson continued to treat Plaintiff and performed surgery on his shoulder in December, 2004. Tr. at 186. On January 20, 2005, Dr. Anderson reported that Plaintiff was able to actively engage in full motion with his left shoulder and would be able to return to construction work in four to eight weeks. Tr. at 185.

On June 17, 2005, Plaintiff again saw Dr. Anderson after allegedly falling off a ladder with direct impact on his right ankle. Tr. at 185. Dr. Anderson reported that Plaintiff was fully weight bearing on his ankle, but that Plaintiff indicated that he "did not feel as if he can continue with his carpentry work doing manual labor." Tr. at 183. However, Dr. Anderson noted that Plaintiff "does feel that he could do supervisory work and has a friend or some other people who might hire him part time doing supervision of other carpenters." Tr. at 183. Dr. Anderson also stated, "I do not feel as if he qualifies for total disability through Social Security and I have explained to him that it is not likely that he would qualify for that." Tr. at 183.

By October 20, 2005, Plaintiff told Dr. Anderson that "his ankle is now doing quite well." Tr. at 183. Dr. Anderson reported that Plaintiff's left shoulder had full mobility. Tr. at 183. During this visit, Plaintiff reported some pain in his right shoulder. Plaintiff's X-rays showed arthritis of the AC joint with inferior osteophytes. Tr. at 182-183. Plaintiff underwent surgery for this condition on April 10, 2006, and Dr. Anderson reported that an "extremely large rotator cuff tear" was found and repaired. Tr. at 178. There are no records of treatment from Dr. Anderson after April of 2006.

In June of 2008, Marcia Johnson, M.D., completed a "Medical Source Statement of Ability to Do Work-Related Activities (Physical)" form and stated that Plaintiff could occasionally lift and/or carry no more than 10 pounds, sit four hours a day for one hour at a time, stand two hours a day for 45 minutes at a time, and walk two hours a day for 15 to 30 minutes at a time. Tr. at 216-17. In addition, she opined that Plaintiff could never work around unprotected heights or moving mechanical parts, operate a motor vehicle, or be exposed to humidity, wetness, dusts, odors, fumes, pulmonary irritants, extreme cold or heat, or vibrations. Tr. at 220.

This Court has jurisdiction to review the Commissioner's decision denying benefits pursuant to 42 U.S.C. § 405(g). Judicial review of the denial of benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner employed the proper legal standard. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence, but less than a preponderance. It has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). This Court is not permitted to try the case *de novo*, nor resolve conflicts in the evidence and cannot decide questions of credibility. *See Brainard v. Secretary of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). This Court is required to examine the administrative record as a whole and affirm the Commissioner's decision if it is supported by substantial evidence, even if this Court would have decided the matter differently. *See Kinsella v. Schwickers*, 708 F.2d 1058, 1059 (6th Cir. 1983); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (an *en banc* decision holding that the court must affirm a Commissioner even if substantial evidence would support the opposite conclusion).

In this case, the ALJ denied Plaintiff's application for benefits at the fifth step of the sequential evaluation process. The first step examines whether the claimant is performing substantial gainful activity. If he is, he is not disabled. The second step requires the Commissioner to determine whether or not the claimant suffers from a severe impairment. If he does not, then he is not disabled. At the third step, the Commissioner examines whether or not the claimant is performing substantial activity and is suffering from a severe impairment that is expected to last for more than 12 months. If the claimant meets a listed impairment, the claimant is presumed disabled. At the fourth step, the Commissioner examines whether the claimant's impairment prevents him from doing his past relevant work. If it does not, the claimant is not disabled. At the fifth step, the Commissioner determines whether or not, given the claimant's impairments and an inability to do his past relevant work, consideration must be given to whether there is other work which exists in the national economy which the claimant is capable of performing. It was at the fifth step that the Commissioner found, considering Plaintiff's severe impairments, that Plaintiff was capable of performing work which existed in the national economy.

There is substantial evidence that Plaintiff retains the capacity to perform a range of light work. Tr. at 18. This is measured by the residual functional capacity (RFC) finding, which is an administrative assessment of "what an individual can still do despite his or her limitations." *See* 20 C.F.R. § 404.1545. The ALJ must consider all evidence when assessing each individual's RFC. In this case, Dr. Johnson's findings provide support for Plaintiff's claim for benefits. However, the ALJ concluded that "Dr. Johnson's clinic records contain minimal findings to support such significant limitations." Tr. at 20. Furthermore, Dr. Johnson's opinion was inconsistent with the opinion of Dr. Anderson, which gave the ALJ further reason to afford limited weight to Dr. Johnson's opinion. The ALJ also considered the assessment of the state agency reviewing

psychologist, John Bartone, M.D. Tr. at 20. Dr. Bartone opined that Plaintiff could occasionally lift and/or carry 20 pounds and 10 pounds frequently, stand and/or walk six hours in an eight-hour workday, and sit six hours in an eight-hour workday. Tr. at 20, referring to Tr. at 193. This professional assessment shows a much greater capability on the part of Plaintiff. Finally, the ALJ considered the Plaintiff's current level of activity, which included hunting, mowing his lawn, shopping, and caring for his daily needs. Tr. at 20. The ALJ reasonably determined that Plaintiff was able to perform the work set forth in his RFC finding.

The ALJ concluded that Plaintiff was no longer capable of performing his past work as a carpenter. Tr. at 20. Thus, the burden shifted to the Commissioner at step five of the sequential evaluation to produce evidence of a significant number of jobs that someone with Plaintiff's vocational profile and RFC could perform. See C.F.R. § 416.920(a)(4)(v). In this case, the ALJ asked the VE to consider a hypothetical individual of Plaintiff's vocational age and RFC. Tr. at 261-62. The ALJ then asked the VE whether such an individual would be able to perform other jobs in the regional economy. Tr. at 262. The VE testified that there were jobs that such an individual would be able to perform including, but not limited to, teleworker (1,800 jobs in Michigan and 70,000 jobs in the Nation) and monitor worker (8,000 jobs in Michigan and 180,000 in the Nation). Tr. at 262-63. The hypothetical question upon which the ALJ relied included all Plaintiff's limitations to the extent the ALJ found them credible based on the evidence of record. Accordingly, the ALJ was entitled to rely on the VE's testimony in response to the hypothetical question. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996). The VE's testimony substantially supports the ALJ's step five finding.

Accordingly, it is respectfully recommended that the decision of the Commissioner denying Plaintiff's request for disability benefits be affirmed.

NOTICE TO PARTIES: Objections to the Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D.Mich.LCivR 72.3. Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn,* 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: July 20, 2010